UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MASSEY CONSTRUCTION GROUP,
INC., A/A/O DONALD LUKAS,

       Plaintiff,

v.                                     Case No.:  2:19-cv-708-SPC-NPM

HARTFORD INSURANCE
COMPANY OF THE MIDWEST,

       Defendant.
_____/

## **OPINION AND ORDER**[1]

Before the Court is Hartford Insurance Company's Motion to Dismiss Counts II and III of Plaintiff Massey Construction Group, Inc.'s Complaint. (Doc. 9). Massey has not responded, and the time to do so has passed. For the below reasons, the Court grants in part and denies in part the motion.

## **BACKGROUND**

This is an insurance dispute. Hurricane Irma damaged non-party Donald Lukas' home while Hartford was insuring the property. (Doc. 4 at 1). Lukas then hired Massey to fix the damage and assigned his insurance claim with Hartford to Massey. When Hartford stalled payment, Massey filed a three-count complaint in state court for breach of contract (Count I), breach of the implied covenant of good faith and fair dealing (Count

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink stops working or directs the user to some other site does not affect the opinion of the Court.

II), and declaratory relief (Count III). (Doc. 4). Hartford then removed the case to this Court based on diversity jurisdiction. (Doc. 1). It now moves to dismiss Counts II and III of the Complaint.

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a complaint must recite "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must "contain sufficient factual material, accepted as true, to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible when "the pleaded factual content allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The issue is whether the plaintiff has alleged enough information to proceed to discovery—not whether the plaintiff will win his case. *Id.* at 678-79. And "unadorned, the-defendant-unlawfully-harmed-me-accusations" are not enough to proceed to discovery. *Id.* at 678 (citations omitted). Without more, "labels, conclusions, and a formulaic recitation of the elements of a cause of action" are also insufficient. *Id.* at 679. On the other hand, where the non-moving party fails to plead facts lending towards a "legally cognizable right of action," dismissal is warranted. *Twombly*, 550 U.S. at 556.

## DISCUSSION

**A. Count II: Breach of the Covenant of Good Faith and Fair Dealing Claim**

In Count II, Massey alleges that Hartford breached its good faith duty to timely process its insurance claim and to pay the money needed to restore Lukas' home. (Doc. 4 at 5-6). But Hartford moves to dismiss this claim because Florida law does not

recognize a cause of action for breach of the covenant of good faith and fair dealing. At best, Hartford argues that Massey's claim is a premature bad faith claim. The Court agrees.

Florida law does not recognize a claim for breach of the implied warranty of good faith and fair dealing by an insured against its insurer based on the insurer's failure to investigate and assess the insured's claim within a reasonable period. *See QBE Ins. Co. v. Chalfonte Condo. Apartment Ass'n, Inc.*, 94 So.3d 541, 547, 549 (Fla. 2012) (holding an insured cannot sue an insurer at common law for the implied duty of good faith and rejecting the insured's argument "that its claim for a violation of the implied warranty of good faith and fair dealing is not the same as a bad-faith claim by a first party"). Such claims are statutorily based bad faith claims. *See* Fla. Stat. § 624.155; *see also Todorovic v. Hartford Life & Annuity Ins. Co.*, No. 5:17-cv-157-Oc-30PRL, 2017 WL 1885393, at *1 (M.D. Fla. May 9, 2017) ("The Florida Supreme Court has explicitly held that first-party claims for breach of the implied covenant of good faith and fair dealing against an insurer must be brought under section 624.155, Florida Statutes." (citation omitted)).

Even if Massey brings a bad faith claim, it is premature until Hartford has been found liable on the underlying coverage dispute. *See Novak v. Safeco Ins. Co.*, 94 F. Supp. 3d 1267, 1269 (M.D. Fla. 2015) ("[T]he Florida courts have held that 'a cause of action in court for [bad faith] is premature until there is a determination of liability and extent of damages owed on the first-party insurance contract.'" (citation omitted)); *Dennis v. Northwestern Mut. Life Ins. Co.*, No. 3:06-cv-43-J-20MCR, 2006 WL 1000308, at *2 (M.D. Fla. Apr. 14, 2006) (stating Florida law does not allow a party to "assert a first-party claim for bad faith against an insurer until the insured has proven liability in her underlying

contractual claim" (citations and footnotes omitted)). Because there has been no determination of Hartford's liability, any bad faith claim is premature. The Court thus dismisses Count II.

## B. Count III: Declaratory Judgment Claim

Next, Count III seeks a declaratory judgment—under Florida law—to require Hartford to pay Massey's insurance claim. (Doc. 4 at 6). The Court, however, construes Count III as seeking relief under the federal Declaratory Judgment Act because the Florida statute is procedural and does not confer substantive rights. *See Rock Custom Homes, Inc. v. Am. Zurich Ins. Co.*, No. 2:19-cv-607-FtM-38NPM, 2019 WL 4477819, at *1 (M.D. Fla. Sept. 18, 2019) (citations omitted); *see also Global Quest, LLC v. Horizon Yachts Inc.*, 849 F.3d 1022, 1027 (11th Cir. 2017) ("As a federal court sitting in diversity jurisdiction, we apply the substantive law of the forum state, in this case Florida, alongside federal procedural law.").

Under the federal Declaratory Judgment Act, a court "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201; *see also* Fed. R. Civ. P. 57 (stating "[t]he existence of another adequate remedy does not preclude a declaratory judgment that is otherwise appropriate"). An element for a declaratory judgment action is "the existence of an 'actual controversy' between the parties, a term which holds a similar meaning as the cases and controversies requirement of Article III to the United States Constitution." *Blitz Telecom Consulting, LLC v. Peerless Network, Inc.*, 151 F. Supp. 3d 1294 (M.D. Fla. 2015) (citation omitted). District courts also have significant discretion in deciding whether to entertain a declaratory judgment action. *See Smith v. Casey*, 741

F.3d 1236, 1244 (11th Cir. 2014) ("Since its inception, the Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants."); *see also* 28 U.S.C. § 2201(a) (providing that district courts "may" exercise jurisdiction over a declaratory judgment claim).

To start, Hartford does not make arguments related to the federal Declaratory Judgment Act, instead focusing on inapplicable Florida law. For that reason alone, the motion could be denied. See *Rock Custom*, 2019 WL 4477819, at *2 (citation omitted). But even looking at the correct law, Count III is sufficient. Massey has plead an actual controversy: it wants Hartford to cover the damage to Lukas' property and Hartford won't. This is not a hypothetical disagreement. Policy coverage is unresolved. Because there is a fight over whether Hartford must provide coverage for the subject property's damage, the Complaint alleges an actual controversy to survive dismissal at this stage.

Hartford's attack on Count III does not end there. It also argues the declaratory judgment claim duplicates the breach of contract cause of action. But a motion to dismiss tests a claim's plausibility—not redundancy. See *Wichael v. Wal-mart Stores E., LP*, No. 6:14-cv-579-Orl-40DAB, 2014 WL 5502442, at *2 (M.D. Fla. Oct 30, 2014) (stating a redundant claim should not be dismissed under Rule 12(b)(6) if it is valid). And the federal Declaratory Judgment Act and Rule 57 allow for a declaratory judgment even if there is another adequate remedy. See *Blitz*, 151 F. Supp. 3d at 1303 ("It is well-established that 'the existence of another adequate remedy does not preclude a declaratory judgment that is otherwise appropriate."). At this point, Massey has plausibly alleged a declaratory judgment claim. Whether the breach of contract claim subsumes that claim is better

resolved at summary judgment.  The Court thus denies Hartford's motion to dismiss on Count III.

Accordingly, it is now

**ORDERED:**

Defendant Hartford Insurance Company's Motion to Dismiss Counts II and III of the Plaintiff's Complaint (Doc. 9) is **GRANTED in Part and DENIED in Part**.  Count II of Massey Construction Group's Complaint is **DISMISSED WITHOUT PREJUDICE.** Hartford's Motion is **DENIED** in all other respects.

**DONE** and **ORDERED** in Fort Myers, Florida this 8th day of November 2019.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record